**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Junior J Aguilar,

       Plaintiff,

v.

Kristi Noem, et al.,

       Defendants.

No. CV-25-00056-TUC-JCH (EJM)

**ORDER**

In this case, pro se Plaintiff Junior J. Aguilar brings several counts against Defendants related to his termination from his probationary employment with U.S. Customs and Border Protection (CBP). Doc. 5. Defendants filed a Motion to Dismiss (Doc. 26), and Plaintiff filed a Motion for Leave to File Notice of Supplemental Facts ("Motion to Supplement Facts") (Doc. 33). Before the Court is Magistrate Judge Eric J. Markovich's Report and Recommendation ("R&R") in which he recommends denying the Motion to Supplement Facts and granting in part the Motion to Dismiss (Doc. 40). Plaintiff objects to the R&R (Doc. 41). For the following reasons, the Court will overrule Plaintiff's Objection and adopt Judge Markovich's R&R in full.

## I.    Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The

Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object. *See* § 636(b)(1). Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at \*5 (D. Ariz. Oct. 6, 2021). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at \*7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

## II.    Motion to Supplement Facts

Plaintiff does not object to the R&R's recommendation that the Court deny the Motion to Supplement Facts. *See generally* Doc. 41. Accordingly, the Court reviews this recommendation for clear error. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. The Court agrees with the R&R that it may not consider facts not raised in Plaintiff's Complaint when determining whether to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."). Because the R&R recommends—and the Court will grant—leave to amend, Plaintiff will not be prejudiced by the denial of this Motion. Accordingly, the Court will deny the Motion to Supplement Facts.

## III.    Motion to Dismiss

Plaintiff's First Amended Complaint (FAC) alleges Secretary of Homeland Security Kristi Noem and various U.S. CBP employees[1] discriminated against him on account of his race and national origin by terminating his employment, retaliating against him, and

---

[1] These Defendants include Executive Director of U.S. CBP Christopher Holtzer, Supervisory U.S. CBP Officer Kathleen Covert, and Veteran Support Field Coordinator/Supervisor Jason Warren. Doc. 5 at 2.

failing to follow CBP's own policies and procedures in terminating him "for unverified statements without any due process." Doc. 5 at 4. Plaintiff alleges Defendants violated four specific rights:

1. Due Process Violation – I was terminated without a fair chance to respond (5 U.S.C. § 7513).

2. Discrimination – As a brown-skinned Hispanic and disabled veteran, I was treated unfairly.

3. Retaliation – CBP blacklisted me, preventing future employment.

4. Defamation & Career Sabotage – Falsely labeling me disloyal ensured I would never work in law enforcement again.

*Id.* at 5.

Defendants move to dismiss the following Defendants and claims: (1) Defendants Holtzer, Kathleen Covert, Jason Warren, and U.S. CBP[2] as improper defendants; (2) Plaintiff's due process claim under the Civil Service Reform Act (CSRA) for lack of subject matter jurisdiction; (3) Plaintiff's Americans with Disabilities Act (ADA) claim for failure to state a claim; (4) Plaintiff's Rehabilitation Act claim for failure to state a claim; (5) Plaintiff's Title VII retaliation claim for failure to state a claim; and (6) Plaintiff's defamation claim for lack of subject matter jurisdiction.[3] *See* Doc 26.

The R&R recommends the Court dismiss Defendants Holtzer, Covert, and Warren as improper defendants. Doc. 40 at 8–9. The R&R also recommends the Court dismiss Plaintiff's CSRA, ADA, and defamation claims without leave to amend and Rehabilitation Act and Title VII retaliation claims with leave to amend. *Id.* at 9–12, 14–20. Finally, the R&R addresses several claims Plaintiff raises for the first time in response to Defendants' Motion to Dismiss. The R&R recommends Plaintiff not be permitted to include a Fifth Amendment due process or First Amendment retaliation claim in his second amended complaint (SAC) because including such claims would be futile, but because Plaintiff may

---

[2] U.S. CBP is not actually listed as a Defendant in this case but is instead included as Plaintiff's place of employment. *See* Doc. 5 at 3. The Court will direct the Clerk of Court to remove U.S. CBP as a defendant on the docket sheet.
[3] Plaintiff did not explicitly include many of these claims in the "Violations of My Rights" section of the FAC, but he marked Title VII, the ADA, and the Retaliation Act of 1973 as bases for jurisdiction in this case. *See* Doc. 5 at 3.

be able to allege sufficient facts to establish a "stigma-plus claim," he should be granted leave to amend to include this claim. *Id.* at 12–14, 20–21. The Court will address each of Plaintiff's objections to the R&R in turn.

### A. "Procedural Fairness Violations"

Plaintiff argues that although he may have been a probationary employee—and thus had no statutory property interest in his employment with CBP—the Court should allow him to raise a due process claim in his SAC because "administrative fairness principles still apply when agencies rely upon undisclosed information and fail to follow their own procedures." Doc. 41 at 3. Plaintiff cites *Stone v. FDIC*, 179 F.3d 1368 (Fed. Cir. 1999), *Vitarelli v. Seaton*, 359 U.S. 535 (1959), and *Service v. Dulles*, 354 U.S. 363 (1957) to support this argument. *Id.* at 3–4.

None of the above-cited cases support a valid due process claim here. In *Stone*, the Federal Circuit stated that the plaintiff's due process claim regarding removal from his public employment "depend[ed] on his having a property right in continued employment." 179 at 1374. The Court explicitly noted that "if [a] public employee is hired for a limited appointment or is at will, then the employee does not have a property interest in continued employment." *Id.* at 1375. Both *Vitarelli*, 359 U.S. at 539 and *Dulles*, 354 U.S. at 388–89 held that the Plaintiffs had a valid cause of action for the violation of department policies in their employment termination, but neither Court reached its decision on due process grounds. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 n. 8 (1978) ("[B]oth [*Service v. Dulles*] and *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), upon which *Service* relied, enunciate principles of federal administrative law rather than of constitutional law binding upon the States."). These cases do not support a Fifth Amendment due process claim for the alleged violation of agency procedures.

Accordingly, based on Plaintiff's own admissions, the R&R did not err in finding that Plaintiff, as a probationary employee, had no property interest in his employment with CBP and thus no due process claim relating to his termination. Plaintiff cannot remedy this deficiency by attempting to assert a due process claim under *Accardi*. Though Plaintiff may

be able to state an Administrative Procedures Act (APA) claim under the *Accardi* doctrine, Plaintiff's FAC does not identify any CBP or DHS policies or regulations *applicable to him* that were violated by his termination. If Plaintiff can identify such a regulation, under *Accardi*, he may attempt to assert an APA claim in his SAC.

### B. "Stigma-Plus Liberty Interest"

Plaintiff argues that "[t]he R&R improperly rejected Plaintiff's stigma-plus liberty interest claim" and cites case law recognizing reputational harm combined with loss of employment opportunities as a protected liberty interest. Doc. 41 at 7. Plaintiff's objection seems to misunderstand the R&R's finding: the R&R found that Plaintiff had not alleged a stigma-plus claim in his FAC but recommended the Court grant leave to amend to allow Plaintiff to try to assert such a claim in his SAC. *See* Doc. 40 at 13–14. The R&R did not err in holding that Plaintiff did not (and seemingly did not attempt to) state a stigma-plus claim in his FAC. Plaintiff's arguments in his Response to Defendant's Motion to Dismiss and Objection to the Report and Recommendation do not change the substance of the Complaint and cannot cure this deficiency. The Court will overrule the objection but grant Plaintiff leave to amend to attempt to assert facts supporting a stigma-plus claim in his SAC.

### C. "Retaliation and Cat's Paw Liability"

Plaintiff argues "[t]he R&R erred in dismissing Plaintiff's retaliation claim [because] Plaintiff alleged that biased subordinate officials influenced the ultimate termination decision." Doc. 41 at 8. In support of this argument, Plaintiff cites case law finding that "an employer is liable where a subordinate's retaliatory animus is a proximate cause of an adverse employment action." *Id.* (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 421 (2011)). Again, Plaintiff's objection misunderstands the R&R's findings. As with the stigma-plus claim, the R&R recommends granting leave to amend to allow Plaintiff to try again to assert a Title VII retaliation claim. The R&R found that Plaintiff's FAC failed to allege that he engaged in a protected activity that resulted in termination or that his termination was related to such a protected activity. The R&R did not err in this finding.

Plaintiff may attempt to plead the facts necessary to support a Title VII retaliation claim in his SAC.

### D. "Disparate Treatment and Comparator Evidence"

Plaintiff's fourth objection "objects to dismissal because the record reflects disparate treatment in disciplinary outcomes involving similarly situated probationary trainees." *Id.* at 9. This is not an objection to any specific finding in the R&R, nor does it provide the Court with a reason to disagree with any of the R&R's explicit findings. Defendants did not move to dismiss claims related to disparate treatment on the basis of race under the Title VII of the Civil Rights Act, and the R&R did not address these allegations. In his SAC, Plaintiff may again attempt to raise claims related to his alleged disparate treatment and should be careful to state on what basis he believes he was discriminated against.

### E. "Leave to Amend Should Be Granted"

"Plaintiff accepts the R&R's recommendation granting leave to amend and requests amendment pursuant to *Forman v. Davis*, 371 U.S. 178 (1962)." Doc. 41 at 10. The R&R recommends granting leave to amend Plaintiff's Rehabilitation Act, Title VII retaliation, and stigma-plus claims. *See generally* Doc. 40. The R&R recommends denying leave to amend Plaintiff's CSRA, ADA, defamation, and First Amendment retaliation claims. *See id.* This portion of Plaintiff's objection contains no specific arguments as to which claims he seeks leave to amend. *See* Doc. 41 at 10. The Court has explained above why it will not grant leave to amend the Fifth Amendment due process claim. Plaintiff has not specifically objected to any of the other claims the R&R recommends dismissing without leave to amend. The Court finds the R&R's reasoning for denying leave to amend Plaintiff's CSRA, ADA, defamation, and First Amendment retaliation claims is sound because amendment would be futile. Accordingly, this objection is overruled as to those claims.

In their Response to Plaintiff's Objection to the R&R, Defendants argue the Court should "dismiss Plaintiff's FAC in its entirety and deny Plaintiff's motion for leave to amend." Doc. 42 at 15. Defendants did not file their own objection to the R&R, which

recommended granting leave to amend on several counts. *See generally* Docket. Accordingly, to the extent Defendants are objecting to the R&R's recommendations, their objections are untimely. *See* Doc. 40 at 22 ("[A]ny party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. . . . Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review."). The Court reviews the R&R's recommendation of granting leave to amend certain claims for clear error. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.

Defendants attempt to construe the portion of Plaintiff's Objection addressing leave to amend as a Motion for Leave to Amend and argue the Court should deny it as such for failure to comply with Local Rule of Civil Procedure 15.1(a). The Court declines to construe Plaintiff's objection as anything more than an objection. At the end of each section of analysis, the R&R explicitly states whether it recommends the Court grant leave to amend. The R&R does not direct Plaintiff to file a separate Motion for Leave to Amend, and he did not file one. Accordingly, Plaintiff did not violate L.R. Civ. 15.1(a). The Court construes pro se filings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), and if the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action, *see Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The R&R did not clearly err in granting leave to amend, and the Court will follow its recommendation.[4]

**IV.    Conclusion**

The Court will adopt the objected-to portions of the R&R as outlined above. After independent review, the Court is satisfied that the remainder of Judge Markovich's recommendation is sound. The Court will adopt the R&R in full.

---

[4] In arguing the Court should not grant leave to amend, Defendants assert the Court should dismiss the FAC in its entirety. Doc. 41 at 15. In so doing, they argue Plaintiff will not be able to amend his FAC to state a disparate treatment claim. *Id.* at 14–15. Defendants' original Motion to Dismiss sought "partial dismissal" and did not address the FAC's references to disparate treatment on the basis of race. Defendants may not retroactively change the nature of their Motion. Defendant Noem may re-raise any arguments related to a potential disparate treatment claim after the SAC is filed.

### A. Scope of Leave to Amend

Accordingly, the Court will dismiss Plaintiff's FAC and grant leave to amend. Plaintiff's leave to amend is restricted by the guidelines laid out above and in the R&R. Defendants Holtzer, Covert, and Warren are dismissed. Plaintiff may amend his Rehabilitation Act, Title VII retaliation, and stigma-plus claims. If Plaintiff wishes to attempt to bring a claim for CBP's alleged failure to follow its own policies, he may do so under the APA. Plaintiff may not attempt to reallege claims under the CSRA, ADA, or Due Process Clause of the Fifth Amendment or for defamation or First Amendment Retaliation.

### B. Warnings

The SAC must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Complaint or FAC by reference. A second amended complaint supersedes the original Complaint and FAC. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and FAC as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or FAC is waived if it is not alleged in the SAC. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

The SAC should contain all the relevant factual allegations and legal theories on which Plaintiff wishes to proceed. If Defendant files a motion to dismiss the SAC, Plaintiff will not be able to cure any deficiencies with assertions or theories raised for the first time in response to the motion to dismiss. Bare recitations of the elements of a cause of action and conclusory statements will not be sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If Plaintiff again fails to state a claim, the Court may not grant further leave to amend. *See Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

///

///

## V.      Order

Accordingly,

**IT IS ORDERED adopting in full** the R&R (Doc. 40).

**IT IS FURTHER ORDERED:**

1. **Denying** Plaintiff's Motion for Leave to File Notice of Supplemental Facts (Doc. 33);

2. **Granting in part** Defendants' Motion to Dismiss (Doc. 26) as outlined above;

3. **Dismissing** Defendants Christopher Holtzer, Kathleen Covert, and Jason Warren;

4. **Dismissing** Plaintiff's First Amended Complaint (Doc. 5) as outlined above. Plaintiff may file a second amended complaint within **20 days** of the date of this Order; and

5. **Directing** the Clerk of Court to terminate United States Customs and Border Protection as a defendant on the docket sheet.

Dated this 24th day of March, 2026.

John C. Hinderaker
United States District Judge